IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| K & B, INC.<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>Defendant. | Case No. 2:10-cv-01256-SA<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>Magistrate Judge Samuel Alba |

Before the court is a Motion for Summary Judgment filed by Plaintiff, K&B, Inc. ("K&B")(Doc. 18), and a Cross Motion for Summary Judgment filed by Defendant, Federal Express Corporation ("FedEx")(Doc. 22). Both parties assert that summary judgment should be granted because no genuine dispute as to any material fact exists and they are entitled to judgment as a matter of law.

Having carefully reviewed the parties' pleadings and the record in this case, and having heard oral arguments, the court concludes that a genuine dispute exists regarding material facts; therefore, the Court denies K&B's motion and grants FedEx's motion in part but denies it in part.

**ANALYSIS**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view all evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Burke v. Utah Transit Auth. & Local 382,* 462 F.3d 1253, 1258 (10th Cir. 2006).

K&B's summary judgment motion, which was filed on August 5, 2011, rests on four claims: (1) breach of contract, (2) negligence, (3) negligent misrepresentation and detrimental reliance, and (4) breach of good faith and fair dealing.  *See* Pl.'s Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment (Doc. 19).  In response, FedEx argues that claims 2-4 are preempted by the Airline Deregulation Act, 49 U.S.C. § 41713.  *See* Def.'s Memorandum in Response to Plaintiff's Motion for Summary Judgment and In Support of Defendant's Cross Motion for Summary Judgment at 3-4 (Doc. 23).  During the February 7, 2012 oral argument on the summary judgment motions, K&B conceded that all claims except breach of contract were preempted.  *See* Official Transcript of the February 7, 2012 Hearing on Cross Motions for Summary Judgment (hereafter "Tr.__") at 6.  Based on that concession, the court grants FedEx's Cross Motion for Summary Judgment as to the above-specified claims 2-4.

Also at the February 7th hearing, FedEx's counsel conceded breach of contract, Tr. at 12, but argued that K&B never reconciled the documents submitted in their claim with the actual cost of the items shipped, *id*. at 14.  Specifically, FedEx acknowledges having received K&B's receipts showing items purchased for $29, *id*. at 13, and an invoice showing 2300 items valued at $4 each and sold to the consignee of shipment, *id*.at 12, but alleges that this invoice "bore no relationship to the items that were allegedly lost," *id*. at 13, and that they "have never been provided with an accounting or any documentation of the specific items or the specific number of items that were lost and what the cost to K&B was of those items," *id*. at 14.   In response, K&B argues that they submitted documentation showing FedEx they were purchasing phones for $29, but shipping only the SIM cards.  *Id*. at 18.  K&B contends that they "submitted everything, and it's just not enough [for the defendants]." *Id*.

As presented by the parties at oral argument, this case comes down to a disagreement over whether certain documents adequately demonstrate exactly what items were being shipped in the lost packages and what their cost was to Plaintiff. This disagreement constitutes a genuine dispute as to a material fact, and thus precludes the court from entering summary judgment. *See* Fed. R. Civ. Pro. 56(a); *see also SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1215 (10th Cir. 2009)("[W]hen conflicting evidence is presented such that the ambiguities in a contract could legitimately be resolved in favor of either party, it is for the ultimate finder of fact - not the court on summary judgment - to interpret the contract.").

## CONCLUSION

Based on the above analysis, **IT IS HEREBY ORDERED** that K&B's Motion for Summary Judgment (Doc. 18) is **DENIED**. **IT IS FURTHER ORDERED** that FedEx's Cross Motion for Summary Judgment (Doc. 22) is **GRANTED** as to claims 2-4, as specified above, but **DENIED** as to the breach of contract claim (claim 1).

DATED this 17th day of February, 2012.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge